FILED

2023 May-16  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BULLS CONSTRUCTION GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:22-cv-00924-SGC |
| v. | ) ) | |
| BULLS CONSTRUCTION CO., LLC, | ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION & ORDER[1]

This is an action brought by Bulls Construction Group, LLC, against Bulls Construction Co., LLC.  The defendant's motion to dismiss (Doc. 7) is pending before the court.[2]  The motion is due to be denied for the reasons stated below.[3]

## I.    Background

### A.    Allegations of Complaint

Elliott and Justin Bulls are brothers who reside in Shelby County, Alabama.  (Doc. 1 at ¶¶ 2-3, 15).  Elliott founded Bulls Construction Group in 2008.  (Doc. 1 at ¶7).  Bulls Construction Group provides general contracting services throughout

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Doc. 13).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

[3] The defendant requested a hearing on the motion.  (Doc. 7 at 1; Doc. 15 at 1, 6).  But the court finds a hearing is not necessary.

Alabama.  (Doc. 1 at ¶ 10).  Justin worked as a foreman for Bulls Construction Group from 2008 until late 2019.  (Doc. 1 at ¶¶ 15-16).  The plaintiff alleges that, in 2019, Justin Bulls began approaching its suppliers, subcontractors, and employees to discuss his intent to form his own general contracting business.  (Doc. 1 at ¶ 19).  Sometime later, Justin Bulls began offering the same services as Bulls Construction Group under the name Bulls Construction Co. and in the same market.  (Doc. 1 at ¶¶ 20-21).  The plaintiff alleges this has caused problems:

- other contractors and potential customers have expressed confusion as to whether Bulls Construction Co. is the same as, or affiliated with, Bulls Construction Group and, if not, which is the entity operated by Elliott Bulls;

- the plaintiff has received complaints regarding quotes given by the defendant from subcontractors who believed Bulls Construction Group and Bulls Construction Co. were one and the same;

- the defendant has received business from customers who believed they were contracting with the plaintiff;

- the Alabama Department of Transportation erroneously identified the defendant as the subcontractor for a project on contracting paperwork when the subcontractor was, in fact, the plaintiff;

- correspondence from the City of Birmingham and the Alabama Department of Transportation intended for the defendant mistakenly has been sent to the plaintiff;

- the Alabama Department of Labor at some point edited its database to reflect that the workers' compensation insurance policy on file for the plaintiff was not up to date when, in fact, the problem was with the policy on file for the defendant; and

- the defendant has used the plaintiff's business accounts with suppliers to purchase products because it does not meet the criteria to establish accounts of its own, resulting in the plaintiff being billed for products it did not order.

(Doc. 1 at ¶¶ 22-29, 31-41, 47-49, 51).   The plaintiff alleges it has expended significant time and resources to remedy the confusion caused by the defendant's use of the name "Bulls Construction Co." and has suffered reputational harm.  (Doc. 1 at ¶¶ 43, 54).

Based on these allegations, the plaintiff asserts five claims against the defendant: an unfair competition claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); a trademark dilution claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c); a claim of trademark infringement and unfair business practices under the Alabama Trademark Act, Ala. Code § 8-12-1 *et seq.*; a claim for violation of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 *et seq.*; and a claim of trademark infringement and unfair competition under the common law. (Doc. 1 at ¶¶ 55-89).  It seeks preliminary and permanent injunctive relief, together with money damages and attorneys' fees.  (Doc. 1 at pp. 13-14).

### B.    Motion to Dismiss

The defendant filed a motion to dismiss the complaint.  (Doc. 7).  The substantive portion of the motion is one page in length.  This portion of the motion can be called substantive only insofar as it asserts four grounds for dismissal of the complaint: lack of subject matter jurisdiction, lack of personal jurisdiction, improper

venue, and failure to state a claim upon which relief can be granted. It does not elaborate on these assertions or include any argument or citations to authority beyond Rule 12(b) of the *Federal Rules of Civil Procedure*.

The plaintiff filed a response, noting the anemic nature of the motion to dismiss and making the case for subject matter jurisdiction, personal jurisdiction, venue, and the viability of its claims. (Doc. 12).    The defendant then filed a reply in support of its motion to dismiss, arguing (1) the plaintiff does not own the mark "Bulls Construction Group" and (2) there is no likelihood of confusion between the parties' respective names. (Doc. 15). Attached to the reply are the affidavit of Justin Bulls and an application for registration of the mark "Bulls Construction Co., LLC" filed with the United States Patent and Trademark Office on October 18, 2022. (Doc. 15 at pp. 8-16).

## II.    Discussion

Three principles or rules guide the court's consideration of the pending motion to dismiss. First, a defendant that seeks dismissal of a claim must do more than merely assert a ground for dismissal. It must present some argument, with citation to authority. And where there is none, the court will not supply it.[4] Second, a district

---

[4] *Cf. Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("To prevail on a particular theory of liability, a party must present that argument to the district court. Our adversarial system requires it; district courts cannot concoct or resurrect arguments neither made nor advanced by the parties.") (internal citation omitted); *Kellner v. NCL (Bahamas), LTD.*, 753 F. App'x 662, 665-66 (11th Cir. 2018) ("An appellant may properly raise an argument in her initial brief by, for example,

court has no obligation to consider arguments raised for the first time in a reply brief. *Tafel v. Lion Antique Invs. & Consulting Servs.*, 459 F. App'x 847, 849 (11th Cir. 2012). Third, a court cannot consider matters outside the pleadings in ruling on a motion to dismiss unless it converts the motion into one for summary judgment. FED. R. CIV. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).[5] A court has "complete discretion" in determining whether to accept submission of material beyond the pleadings and convert a motion to dismiss into a motion for summary judgment or, conversely, to reject that material and save the question of summary judgment for a later date. CHARLES A. WRIGHT & ARTHUR R. MILLER, 5C FEDERAL PRACTICE & PROCEDURE § 1366 (3d. ed., Apr. 2023 Update); *see also Harper v. Lawrence Cnty., Alabama*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings.").

The defendant merely asserts four grounds for dismissal in its motion to dismiss, leaving the court to guess why the defendant believes the defenses exist

---

devoting a discrete section to it and supporting it with discussion, argumentation, and citations to authorities and record excerpts. Merely passively referencing or perfunctorily raising the argument will not suffice.") (internal citations omitted); *Whitten v. Soc. Sec. Admin.*, 778 F. App'x 791, 793 (11th Cir. 2019) ("For an issue to be adequately raised in the opening brief, it must be plainly and prominently raised and must be supported by arguments and citations to the record and to relevant authority.").

[5] There are exceptions to this rule. A court may consider documents attached to, or referenced in, the complaint, if the documents are central to the complaint and no party contests their authenticity. *Day*, 400 F.3d at 1276. Neither the affidavit of Justin Bulls nor the application for registration of the mark "Bulls Construction Co., LLC" was attached to, or referenced in, the complaint.

here.  The court will not engage in that guessing game.[6]  Although the defendant presents a measure of actual argument in the reply filed in support of its motion to dismiss, the court will not consider that argument, either.  It is presented in service of grounds for dismissal asserted for the first time in the reply brief and relies on materials beyond the pleadings.  The defendant has not had an opportunity to respond to the additional grounds for dismissal or underlying materials.  Moreover, the likelihood-of-confusion question is fact intensive and, therefore, more appropriate for consideration after the parties have conducted discovery.  *See, e.g., Florida Int'l Univ. Bd. of Trs. v. Florida Nat'l Univ., Inc.*, 91 F. Supp. 3d 1265, 1274-85 (11th Cir. 2015) (discussing likelihood-of-confusion factors).

## III.  Conclusion

The defendant's motion to dismiss (Doc. 7) is **DENIED** for the reasons stated above.  The defendant may renew its arguments regarding ownership and likelihood of confusion in a motion for summary judgment filed after the close of discovery.[7]

---

[6] But a court has an obligation to ensure subject matter jurisdiction exists, regardless of whether a party has challenged it.  *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001).  Thus, the court will note it is satisfied the complaint sufficiently alleges 28 U.S.C. §§ 1331 and 1367 as the bases of subject matter jurisdiction.  Section 1331 vests federal district courts with original jurisdiction over claims arising under federal law, such as Lanham Act claims.  *See* § 1331.  Section 1367 permits a federal district court to exercise supplemental jurisdiction over state law claims that are so related to claims in an action over which it has original jurisdiction as to "form part of the same case or controversy under Article III of the United States Constitution." *See* § 1367(a).

[7] The court entered a scheduling order on November 29, 2022, which establishes November 17, 2023, as the deadline for dispositive motions.  (Doc. 17 at 1).

**DONE** this 16th day of May, 2023.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE